ADAM GORDON
United States Attorney
JOSHUA C. MELLOR
California Bar No. 255870
MIKAELA L. WEBER
California Bar No. 279391
PETER S. HORN
California Bar No. 321358
New York Bar No. 5333653
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: 619-546-9733/9734/6795
joshua.mellor@usdoj.gov
mikaela.weber@usdoj.gov
peter.horn@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SEYYED HOSSEIN HOSSEINI (5),<br>ALEXANDER DMITRIENKO (6),<br>AURANGZEB AYUB (10),<br>SHANE NGAKURU (13),<br>Defendants. | Case No.: 21-CR-1623-JLS<br>**MOTION TO MODIFY PROTECTIVE ORDER (Dkt. 193)** |

The governments moves pursuant to Rule 16(d) for a limited modification of the protective order issued by this Court on September 14, 2023, at Dkt. 193 (the "Second Protective Order"), which covers discovery relating to the third country and provided pursuant to the Court's rulings at the August 23, 2023 motion hearing. The government

contacted counsel for the above-captioned on May 15, 2025 with this proposed motion, the proposed order, and inquiring about the Defendant's position on it. Government counsel also informed them that the government intended to file the motion by Monday, May 19, 2025. As of the time of this filing, no defense counsel has responded with their position. The United States requests that the Court proceed to grant the motion and enter the proposed order.

In September 2023, the government moved for the Second Protective Order based on sensitivities regarding the identity of and materials relating to the third country in which the Anom data was collected, and from which U.S. authorities obtained the data pursuant to mutual legal assistance treaty (MLAT) requests. *See* Dkt. 189 (Gov. motion), 191 (Gov. reply). The Defendants opposed. Dkt. 190, 192. Over the Defendants' objections, the Court entered the Second Protective Order as the government requested. Dkt. 193. Separately, in January 2024, the Court issued an order on the United States' *ex parte* application and authorized non-disclosure of certain information. Dkt. 223.

The reasons for protection of third-country materials and non-disclosure of that information, respectively, have remained. Very recently, however, the government became aware that authorities in the third country intend to disclose to judicial officers, and possibly defense counsel in criminal prosecutions in that country, (1) the third country's identity and (2) the court orders—warrants—authorizing collection of the Anom data within the third country. As a result, the government (and the third country) anticipate that its identity and the warrant documents may become known in court proceedings and could be public at some point. The communications between U.S. and third country authorities (provided in discovery under the Second Protective Order), MLAT requests between the United States and the third country (also provided in discovery under the Second Protective Order), and redacted information within third-country discovery will not be disclosed.[1]

[1] The United States also anticipates sharing the identity of the third country and the warrant documents with other countries' law enforcement, in light of the information in this motion and the proposed modification to the Second Protective Order. For instance, the United States has previously received MLAT requests from other countries for

Accordingly, the United States now seeks a limited modification of the Second Protective Order such that two—and only two—categories of information provided in discovery in this case should no longer be subject to the heightened protections of the Second Protective Order, and instead subject to the other Protective Orders entered as to each Defendant in this case (*see* Dkt. 36, 99, 114, 142, 150, 156, 177, 213, 298, 346). All other third-country discovery provided under the Second Protective Order should remain subject to the Second Protective Order for all of the reasons set forth in the government's motion and reply for the Second Protective Order, and the redactions on all third country materials should remain for the reasons set forth in the government's *ex parte* application.

For clarity in identifying the materials and to mark discovery according to the protective order(s) that govern it: the government intends, within seven calendar days of the entry of this proposed order on this motion to modify, to re-produce the third-country court orders (warrants)—marked for protection under the Protective Orders but not the Second Protective Order—to defense counsel for all Defendants currently before the Court and awaiting sentencing.

//

//

//

//

//

//

//

//

---

information about the third country, and the United States has, in summary, been unable to provide the requested information based on its sensitivities and the Second Protective Order. The government anticipates that additional MLAT requests from other countries seeking information about the third country may be received in the future, and that the identity of the third country and redacted versions of the warrant documents (as in discovery here) may be provided in response to such future MLAT requests.

Finally, the United States requests that this modification and the proposed order on this motion apply to all Defendants who have been and are currently before this Court, as well as all other Defendants in this case who will be extradited and brought before this Court in the future.

DATED: May 19, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Peter S. Horn*
JOSHUA C. MELLOR
MIKAELA L. WEBER
PETER S. HORN
Assistant U.S. Attorneys
Attorneys for the United States