**Patrick M. Griffin [SBN 276171]**
Griffin Law Office, APC
1350 Columbia Street, Suite 401
San Diego, CA 92101
Telephone: (619) 269-2131
Fax: (619) 344-0041
Email: patrick@griffinlawoffice.com
Attorney for Defendant,
ALEXANDER DMITRIENKO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>ALEXANDER DMITRIENKO,<br><br>Defendant. | Case No.: 21-cr-01623-JLS-6<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR INQUIRY REGARDING VIOLATIONS OF PROTECTIVE ORDERS** |

## I. INTRODUCTION AND CORRECTION OF THE RECORD

This entire issue could have been easily resolved with a simple phone call. Instead, the government chose to file a public motion effectively accusing undersigned counsel of violating the Court's protective orders without first confirming basic facts or raising its concerns with defense counsel.

Undersigned counsel has complied with all protective orders entered in this matter at all times. The defense strictly followed the terms of the protective orders, including all restrictions governing the review and handling of protected materials.

The government's motion is premised, in significant part, on a fundamental factual error and proceeds on speculation rather than evidence. The government publicly filed a motion effectively accusing undersigned counsel of violating the Court's protective orders, while conceding that it is "not clear whether these violations…are attributable to individual defense counsel." (Dkt. 557 p. 2 l. 20–23). That is not a sufficient basis to make such allegations, particularly where they implicate the professional conduct of a member of the bar. Courts caution against

raising accusations of attorney misconduct based on speculation or incomplete information. See *Doe v. Exxon Mobil Corp*., 2021 U.S. Dist. LEXIS 90416, at *18 (D.D.C. May 12, 2021) (Characterizations of opposing counsel's conduct must be supported by the record and a reasonable factual inquiry.).

Compounding the issue, the government's filing rests on a misreading of a document it relies upon. The government represents that a declaration attributed to Mr. Dmitrienko is dated April 12, 2025. The document itself, however, reflects the date as written "4.12.2025." That format is consistent with European date conventions, where the day precedes the month, and corresponds to December 4, 2025, not April 12, 2025. This is further supported by the document's listing of Mr. Dmitrienko's date of birth as written "02.08.1975," reflecting his date of birth of August 2, 1975. By December 4, 2025, Mr. Dmitrienko had already been released from custody in this District and had returned to Europe. This basic factual error was readily apparent from the face of the document and could have been confirmed with minimal effort. It underscores the lack of foundation for the government's motion.

Equally concerning is the government's decision to proceed by public filing without any meaningful effort to meet and confer with defense counsel.[1] Throughout this case, counsel have communicated regularly, including through numerous calls and meetings. Had the government raised its specific concerns, the issues presented in its motion could have been readily addressed and clarified. Instead, the government chose to file a public motion asserting potential violations of a court order without first confirming the underlying facts or affording defense counsel an opportunity to respond. That approach was unnecessary, inconsistent with professional practice, and resulted in avoidable expenditure of time and resources.

---

[1] The government did send a generic email to every defense attorney in the case; however, nothing in that communication indicated that its concerns were directed at Mr. Dmitrienko or his counsel. To the contrary, the email can reasonably be read to suggest a generalized, case-wide issue, not one specific to any individual defendant. It provided no notice that the government believed any issue existed with respect to Mr. Dmitrienko or his defense team. Rather than clarifying the matter, the communication further demonstrates that no meaningful effort was made to raise or address the government's concerns before filing the motion.

The government's insinuations are further inconsistent with the record already before the Court. The involvement of European counsel was not concealed. It was discussed openly in court on multiple occasions, and the government was aware that the defense had engaged foreign attorneys to assist in the representation. Those attorneys' work product was submitted to this Court under seal on February 21, 2024 (Dkt. 232), and was provided to both the Court and the government. The European attorneys were identified in that filing along with their professional credentials. Prior to receiving any discovery materials, the European attorneys were provided with the applicable protective order, and undersigned counsel communicated the substance of the government's motion and the protective orders and explained their obligations, consistent with the requirement that "[c]ounsel of record for Defendants and the Government shall be required to communicate the substance of the Government's motion and Protective Order and explain it to their clients and assistants before disclosing the substance of the Protected Material to their clients or assistants." (Dkt. 193 p. 4 l. 4–7).

The materials referenced by the government do not establish that defense counsel improperly disclosed any protected discovery to Mr. Dmitrienko. Rather, the materials appear to show that Mr. Dmitrienko was shown documents that appear to have originated from this case in a foreign court and asked to comment on their authenticity. The government's filings do not show that he filed those documents or possessed them. The protective order expressly permitted Mr. Dmitrienko to review protected materials but prohibited providing him with copies, and undersigned counsel followed those procedures. Undersigned counsel had no knowledge of any such foreign proceedings and no involvement in them.

In short, the government's motion is based on a misreading of the record and unsupported speculation. Undersigned counsel followed the protective orders, and nothing in the government's motion establishes otherwise. The government's decision to publicly file allegations of misconduct without confirming basic facts or consulting defense counsel has imposed unnecessary burden and expense.

## II. THE GOVERNMENT'S MOTION SHOULD BE DENIED

The government's motion should be denied because it is procedurally improper and unsupported by any legal authority. The motion does not cite a rule, statute, or case that authorizes the Court to conduct a generalized "inquiry" of defense counsel or to compel the production of testimony in the absence of a properly noticed motion for sanctions. Federal Rule of Criminal Procedure 16(d) governs protective orders and provides a mechanism for addressing alleged violations. It does not authorize the type of open-ended proceeding the government seeks here.

The government's own framing of its request underscores the defect. It asks the Court to conduct a hearing and then states that, "Following the hearing, the government intends to request appropriate sanctions." (Dkt. 557 p. 2 l. 22–23). This reverses the proper sequence. If the government believes a violation has occurred, it must bring a motion for sanctions identifying the specific conduct at issue, the legal basis for relief, and the sanctions sought. Only then can the defense be afforded notice and an opportunity to respond. The government cannot use an "inquiry" as a vehicle to develop a sanctions motion after the fact.

The motion also improperly attempts to shift the burden to the defense. The government concedes that it is "not clear whether these violations…are attributable to individual defense counsel." (Dkt. 557 p. 2 l. 20–23). Despite that admission, it seeks to compel defense counsel to provide testimony purporting to demonstrate compliance. That is not the law. The burden rests with the moving party to establish a violation. Speculation does not justify compelled disclosures, particularly where such requests may implicate attorney work product and privileged materials.

Equally problematic, one of the two categories of information the government seeks has no basis in any protective order entered in this case. The government asks for "documents showing the destruction, return, or requested destruction or return of all protected discovery after their client's sentencing." (Dkt. 557 p. 2 l. 24–30). The protective orders impose no such requirement. Instead, they only provide that "[s]hould counsel withdraw or be disqualified from

participation in this case, any Protected Material received and any copies derived therefrom shall be returned to the Government within 10 days or, if agreed to by the parties, to replacement counsel." (Dkt. 193 p. 4). The orders do not require destruction or return of discovery following sentencing. The government's request therefore seeks to expand the terms of the protective orders beyond what the Court ordered and cannot serve as a basis for compelling testimony or conducting an inquiry.

## III. CONCLUSION

The defense recognizes the importance of ensuring that the Court's protective orders are followed and shares the government's stated interest in the proper handling of protected materials. Those concerns are legitimate. The government's motion, however, is not. Rather than confirming basic facts or engaging in a meaningful effort to confer, the government chose to proceed by public filing based on speculation and an incorrect factual premise, while conceding uncertainty as to who was responsible. Undersigned counsel complied with the protective orders, and the government's motion does not establish otherwise. Accordingly, the motion should be denied.

Respectfully submitted,

Dated: April 4, 2026

/s/ Patrick M. Griffin
PATRICK M. GRIFFIN
Attorney for Defendant,
ALEXANDER DMITRIENKO